UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JON CORNETT, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:22-CV-126-KAC-JEM |
| CAMPBELL CO. JAIL NURSING STAFF, NURSE HOPE, NURSE TAMMY, NURSE HANNA, and NURSE KAYLA, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jon Cornett, a prisoner proceeding pro se and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 [Doc. 1] that is before the Court for screening in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the Court **DISMISSES** this action because the Complaint fails to state a claim upon which relief may be granted under Section 1983.

### I. PLRA SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468,

470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ALLEGATIONS OF COMPLAINT

On October 2, 2021, Plaintiff, a prisoner housed at the Campbell County Jail, placed a sick call request to see medical staff about breathing issues [Doc. 1 p. 3]. Defendants, all members of the Campbell County Jail's nursing staff, requested Plaintiff's medical records from Tennova North Hospital but took no further action [*Id*. at 4].

Plaintiff spoke to all of the nurse Defendants about "keeping a sore throat and a headache" due to his inability to properly clean his CPAP[1] machine [*Id.*] And on November 2, 2021, he made a medical request to get supplies to clean his CPAP machine [*Id*.]. Plaintiff spoke to the staff physician, who "talked to Nurse Tammy" [*Id*.]. At some point, Plaintiff contacted his family and learned that an unspecified CPAP cleaning kit cost $300, and his family was unable to afford that kit [*Id.*]. Plaintiff has not received any assistance in cleaning his CPAP machine [*Id*.].

On November 9, 2021, Plaintiff filed a grievance asking for his inhaler and stating that he

---

[1] "CPAP (continuous positive airway pressure) is a machine that uses mild air pressure to keep breathing airways open while you sleep." National Heart, Lung, and Blood Institute, *CPAP*, https://www.nhlbi.nih.gov/health/cpap (last visited July 1, 2022).

had "been requesting a breathing treatment" for four days [*Id*. at 5]. On November 14, 2021, Plaintiff filed a grievance asking the medical staff to contact his pulmonary and primary physicians to verify Plaintiff's need for a CPAP and oxygen machine, and to "get the use of a[n] inhaler" [*Id*.]. Plaintiff "finally got a breathing treatment" but sometimes must ask multiple days in a row to get breathing treatments [*Id*.]. By way of relief, Plaintiff asks "to be moved to a facility to give" him adequate medical care [*Id*. at 6].

### III. ANALYSIS

"There are two elements to a . . . [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

The States have an obligation to provide adequate medical care to the individuals they incarcerate. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). For an inmate who have been adjudicated guilty, that right flows from the Eighth Amendment. *See Colson v. City of Alcoa*, --- F.4th---, 2022 WL 2255763, *2 (6th Cir. June 23, 2022). The Fourteenth Amendment's Due Process clause provides similar rights to pretrial detainees. *Id.* at *3-4. It appears that Plaintiff was a pretrial detainee during the relevant time period here. Therefore, the Court analyzes his claim under the Fourteenth Amendment. *See id.* Under the Fourteenth Amendment, Plaintiff must "satisfy three element" to state a claim:

> (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

3

*Trozzi v. Lake Cty., Ohio*, 29 F.4th 745, 757-58 (6th Cir. 2022).

Plaintiff's allegations may lead one to speculate about whether anyone on the nursing staff at the Campbell County Jail may have violated Plaintiff's rights, but Plaintiff failed to set forth "sufficient factual matter" to state a claim that is "*plausible* on its face." *Iqbal*, 556 U.S. at 678 (emphasis added) (quotations omitted). Plaintiff has not indicated that he suffers from any particular pulmonary diagnosis or has a serious medical need. And it is clear from his allegations that he has access to a CPAP machine and breathing treatments while housed at the Campbell County Jail. Plaintiff complains that he has experienced a delay in receiving breathing treatments at times, but he has not set forth any specific facts from which this Court could infer that the medical staff refused to provide an available treatment that would alleviate an excessive risk of harm to Plaintiff. This is particularly true where Plaintiff presumably has access to his CPAP machine while awaiting his breathing treatments. Further, Plaintiff states that he asked twice for an inhaler in November 2021, but he has not revealed whether he was prescribed an inhaler prior to his incarceration, or whether an inhaler was eventually provided to him. Therefore, while Plaintiff believed he needed an inhaler, in particular, because he "cannot breath[e]," he has not set forth any facts from which the Court could infer that medical staff failed to provide him medication necessary to alleviate a serious medical need. Again, this is particularly true because Plaintiff received breathing treatments and the use of a CPAP machine.

Additionally, Plaintiff's allegation that he has not been provided a $300 cleaning kit for his CPAP machine fails to state a Section 1983 claim. According to the United States Food and Drug Administration ("FDA"), special kits are not generally necessary to sanitize CPAP machines; rather, the majority of CPAP machines "can be cleaned with mild soap and water," while "[s]ome manufacturers recommend using diluted vinegar." FDA, *CPAP Machine Cleaning: Ozone, UV Light Products are not FDA Approved*, https://www.fda.gov/consumers/consumer-updates/cpap-

machine-cleaning-ozone-uv-light-products-are-not-fda-approved (last visited July 1, 2022). Plaintiff has not alleged that he does not have access to soap and water, nor does he allege that his CPAP machine requires use of a specialized cleaning kit. Therefore, he has failed to plausibly allege that Defendants have violated his constitutional rights by failing to provide him with a special cleaning kit.

Finally, even if the Court were to assume that Plaintiff's claims could proceed, the Court could not lawfully give him the relief he requests here. Placement of prisoners in a particular facility is a matter left to the discretion of state officials absent extraordinary circumstances, which are not presented here. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (holding prisoner housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances). Therefore, the Court could not otherwise provide Plaintiff the sought relief, and the Court **DISMISSES** Plaintiff's Complaint.

### IV. CONCLUSION

For the reasons set forth above, even with liberal construction, Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1983. Accordingly, the Court **DISMISSES** this action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. See 28 U.S.C. §1915(a)(3).

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

          s/Katherine A. Crytzer
          KATHERINE A. CRYTZER
          United States District Judge